Brad H. Bearnson (#7086)
Wayne K. Caldwell (#9466)
Aaron K. Bergman (#8878)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: bbearnson@bearnsonlaw.com;
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
For emails, please cc: pi.paralegal1@bearnsonlaw.com
*Attorneys for Plaintiff*

**UNITED STATES COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| TIA SIMMONS and JAMERSON SHEPPARD, individually and for and on behalf of A.S., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC., a foreign corporation, d.b.a. WAL-MART; and DOES I-X.<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT AND JURY DEMAND**<br><br>Honorable Judge:<br><br>Magistrate: |

COMES NOW Plaintiffs, TIA SIMMONS, individually and on behalf of A.S., her minor biological parent, and by and through their counsel Aaron K. Bergman and the law firm of Bearnson & Caldwell, LLC, do hereby complain against WALMART, INC., d/b/a Wal-Mart, and DOES I-X ("Defendants"), as follows:

**NATURE OF ACTION**

This is a civil action for damages incurred by A.S. and her family as a result of a dangerous product manufactured, distributed, and sold by the Defendants.

## PARTIES

1. Plaintiff TIA SIMMONS and JAMERSON SHEPPARD are individuals residing in the City of Mountain Home, Elmore County, within the State of Idaho. A.S. is their minor daughter.

2. Defendant WALMART, Inc. is a foreign corporation chartered from Delaware, and conducts business in Mountain Home, Idaho under the name of Wal-Mart.

3. DOES I-X are one or more individuals or entities who are believed to have been involved in the manufacturing, distributing, and sale of the subject product, but who have not yet been identified.

## JURISDICTION AND VENUE

4. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

5. The parties are citizens of different states, and the amount in controversy exceeds $75,000. Wherefore, the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. A substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this judicial district. Wherefore, the Court has venue pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

8. On or about December 14, 2019, A.S. was 8 years old and wearing a shirt purchased at Defendant Walmart's located in Mountain Home. The shirt was designed and manufactured by DOES I-X, and was sold by Defendant Wal-Mart, as the retailer.

9. The shirt was specifically designed and sold for use by a minor:



10. While wearing the shirt, A.S. reached over the countertop to fill her glass with water. A candle flickered on the countertop, and as A.S. reached her glass towards the sink, the flame was attracted towards and physically bent towards the shirt. As soon as the flame touched the shirt, the entire shirt burst into flames.

11. As A.S. was rushed to the shower to extinguish the flame, pieces of melted shirt and seared flesh fell to the ground, catching the home one fire. The fire was extinguished, but in the short time it took for A.S. to reach the shower, she had suffered severe and extensive burns.

12. A.S. was rushed to the local Hospital, but her wounds were too great to be treated at that facility. Wherefore, A.S. was transported to a different hospital, located in Salt Lake City, Utah. There, she stayed as an inpatient until February 4, 2020.







13. A.S. continues to receive treatment for the severe burns covering her chest, back, upper arms, and back of her head. In July of 2020, A.S. received her seventh (7th) surgery for skin

grafts. To date, A.S.'s past medical (special) damages far exceed the jurisdictional requirement for diversity jurisdiction. See I.C. § 6-1408 (prohibiting the pleading of actual dollar amounts but requiring the pleading of amounts insofar as jurisdiction must be invoked). A.S.'s general damages are anticipated to exceed her special damages.

14. As a result of missing work to care for his daughter, Mr. Simmons lost his job.

15. As a result of the burning flesh and accompanying severe smell that saturated into nearly every item in their home, the Plaintiffs were displaced, and forced to abandon their home and belongings.

16. A.S. has suffered permanent disfigurement and scarring, and has suffered and will suffer severe physical pain and emotional distress now, and in the future.

**FIRST CAUSE OF ACTION – PRODUCTS LIABILITY**
**(Defendant Wal-Mart)**

17. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

18. Defendant Wal-Mart is a retailer, engaged in the business of selling shirts like the one that was sold by Defendant and used by A.S.

19. When Defendant Wal-Mart sold the shirt, it was defective and exposed the user to an unreasonable risk of physical injury, and or it was more dangerous than would be expected by an ordinary person who would be reasonably expected to use the shirt. IDIJ 10.01.1.

20. The shirt's properties attracted an open flame.

21. Upon the small flame touching the shirt, A.S. was quickly engulfed.

22. The shirt did nothing to abate the flames, as the flames quickly reached around the entire shirt to A.S.'s back, and raised high to the top of A.S.'s head. Wherefore, the shirt was defective, being much too flammable and lacking appropriate fire-retardant qualities.

23. The shirt was also bereft of any adequate warning against such danger, and therefore, was also defective for its failure to warn.

24. As a result and proximate cause of the defective shirt, Plaintiffs were damaged.

25. The extent of Plaintiffs' injuries and damages; the various elements of those damages; and the amounts of those damages are to be determined by Jury, at trial.

**SECOND CAUSE OF ACTION – NEGLIGENCE**
**(Defendant Wal-Mart)**

26. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

27. Defendant Wal-Mart is a retailer, engaged in the business of selling shirts like the one that was sold by Defendant and used by A.S.

28. Defendant knew or should have known that shirts like the one sold by Defendant and used by A.S. are subject to certain flammability and fire-retardant safety standards.

29. Defendant had a duty to conduct a reasonable inspection of the product for compliance with said flammability and fire-retardant safety standards.

30. Defendant had a duty to reasonably warn A.S. and her parents against the dangers posed by a shirt that did not comply with said flammability and fire-retardant safety standards.

31. Defendant did not conduct a reasonable inspection of the product. The product did not comply with applicable flammability and fire-retardant safety standards, and yet, Defendant still placed the product for sale. Furthermore, after A.S. was badly burned, her story was published widely on several local and national news stations, specifically referencing the shirt, and Wal-Mart where the shirt was bought. Yet, during 2020, Tia Simmons located several similar shirts for sale, at the same Wal-Mart, marked as

"clearance" at the price of $4.00 each. Wherefore, Defendant did not inspect the product before, or after, and continued to sell it.

32. Defendant also did not reasonably warn A.S. or her parents against the dangers posed by the shirt, for no such reasonable warning was included with the shirt.

33. Wherefore, Defendant breached its duties to conduct a reasonable inspection of the product, and breached its duty to provide a reasonable warning of the dangerous product.

34. As a result of Defendant breaching its duties, Plaintiffs were damaged.

35. The extent of Plaintiffs' injuries and damages; the various elements of those damages; and the amounts of those damages are to be determined by Jury, at trial.

**THIRD CAUSE OF ACTION – PRODUCTS LIABILITY**
**(Defendants Does I-X)**

36. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

37. Defendants manufactured the shirt in that it designed, produced, made, fabricated, and or constructed the shirt. IDJI 10.05.2.

38. When the shirt left the Defendants' hands, the shirt was defective in that it exposed the end-user to an unreasonable risk of physical injury, and or it was more dangerous than would be expected by an ordinary person who would be reasonably expected to use the shirt. IDIJ 10.01.1.

39. The shirt's properties attracted an open flame.

40. Upon the small flame touching the shirt, A.S. was quickly engulfed.

41. The shirt did nothing to abate the flames, as the flames quickly reached around the entire shirt to A.S.'s back, and raised high to the top of A.S.'s head. Wherefore, the shirt was defective, being much too flammable and lacking appropriate fire-retardant qualities.

42. The shirt was also bereft of any adequate warning against such danger, and therefore, was also defective for its failure to warn.

43. As a result and proximate cause of the defective shirt, Plaintiffs were damaged.

## JURY DEMAND

44. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

A. For judgment against Defendants for general and special damages, including but not necessarily limited to, medical damages past and future; permanent disfigurement; loss of enjoyment; pain; suffering; loss of earning capacity; loss of reputation; loss of income, moving expenses; and mental distress.

B. For judgment against Defendants for all costs and fees incurred by Plaintiffs in bringing this action;

C. For any pre-judgment and post judgment interest, according to law; and

D. For such other and further relief as this Court deems just an equitable in the face of these circumstances.

DATED this 15th day of September, 2020.

BEARNSON & CALDWELL, LLC

*/s/ Aaron K. Bergman*
Aaron K. Bergman
*Attorneys for Plaintiff*