Brad H. Bearnson (#7086)
Wayne K. Caldwell (#9466)
Aaron K. Bergman (#8878)
BEARNSON & CALDWELL, LLC
399 North Main, Suite 270
Logan, Utah 84321
Telephone: (435)752-6300
Facsimile: (435)752-6301
Email: bbearnson@bearnsonlaw.com;
Email: wcaldwell@bearnsonlaw.com
Email: abergman@bearnsonlaw.com
For emails, please cc: pi.paraleagal2@bearnsonlaw.com
*Attorneys for Plaintiff*

## UNITED STATES COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIA SIMMONS and JAMERSON SHEPPARD, individually and for and on behalf of A.S., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC., a foreign corporation, d.b.a. WAL-MART; MAD ENGINE, LLC, a California limited liability company; and DOES I-X.<br><br>Defendants. | **Case No. 1:20-cv-00439**<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND**<br><br>Honorable Judge B. Lynn Winmill |

COMES NOW Plaintiffs, TIA SIMMONS, individually and on behalf of A.S., her

minor biological parent, and by and through their counsel Aaron K. Bergman and the law

firm of Bearnson & Caldwell, LLC, do hereby complain against WALMART, INC.,

**First Amended Complaint and Jury Demand**
*Page 1*

d/b/a Wal-Mart, a foreign corporation, d.b.a.; MAD ENGINE, LLC, a California limited liability company; and DOES I-X ("Defendants"), as follows:

## NATURE OF ACTION

This is a civil action for damages incurred by A.S. and her family, as a result of a being badly burned by children's clothing designed, manufactured, and sold by Defendants.

## PARTIES

1. Plaintiff TIA SIMMONS and JAMERSON SHEPPARD are individuals residing in the City of Mountain Home, Elmore County, Idaho. A.S. is their daughter, a minor.

2. Defendant WALMART, Inc. is a foreign corporation chartered in Delaware, and conducts business around the world, including Mountain Home, Idaho. Walmart is a 'big-box' retailer who acquires products from designers, manufacturers, and suppliers, and then sells said products to end-use consumers. Walmart knows that its end-users include minor children, and includes in its inventory apparel products intended specifically for use by minor children.

3. Defendant MAD ENGINE, LLC ("Mad Engine") is a foreign limited liability company chartered in California, and conducts business around the world, including Mountain Home, Idaho. Founded in 1987, Mad Engine has grown to become the leading global licensed apparel wholesaler, with top brands including Marvel, Star

Wars, Disney and Nickelodeon. Mad Engine's footprint spans multiple continents, with unique locations dedicated to design, customer service, manufacturing, quality assurance and distribution. With 6 design offices and 100+ designers, artists, merchandisers and product developers, Mad Engine is setup to create anything imaginable. T-Shirts, Fashion Tops & Bottoms, Denim, Dresses, Outerwear, Pajamas, Underwear, Hats & Beanies, Backpacks, Purses, Watches, Sunglasses & more in any category Men, Women, Juniors, Boys, Girls, Infant & Toddler, Maternity, Big & Tall. The sales force is also strategically placed around North America to support boutique shops, eCommerce and big box retailers, including WALMART. Mad Engine sources its products from around the world, including United States, Canada, Mexico, China, India, Bangladesh, Cambodia, Egypt, El Salvador, Guatemala, Honduras, Nicaragua, Oman, Pakistan & Vietnam.

4. DOES I-X are one or more individuals or entities who are believed to have been involved in the manufacturing, distributing, and sale of the subject product, but who have not yet been identified.

## JURISDICTION AND VENUE

5. The Court has jurisdiction, pursuant to 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy exceeds $75,000.

6. The Court has venue pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this judicial district.

## GENERAL ALLEGATIONS

7. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

8. On or about December 14, 2019, A.S., an 8 year old female minor, living in Mountain Home, Idaho, was lounging at home on a Saturday.

9. A.S. desired some water, and so reached over the kitchen countertop to fill her glass with water. A candle, located on the countertop, flickered nearby. When A.S. reached her glass towards the sink, the small candle flame was attracted towards, physically bending towards A.S.'s shirt. The flame touched the shirt, and A.S.'s shirt quickly burst into flames over large portions of the shirt.

10. As A.S. was rushed to the shower to extinguish the flame, pieces of melted shirt and seared flesh fell to the ground, catching the home on fire. The fire was extinguished, but in the short time it took for A.S. to reach the shower, she had suffered severe and extensive burns.

11. Emergency personnel were called and rushed A.S. to the nearest hospital, but her wounds were too severe to be treated at that facility. *See* Figures 1, 2, and 3.

Figure 1

Figure 2

Figure 3




**First Amended Complaint and Jury Demand**
*Page 4*

12. As a result, A.S. was transported to a different hospital located in Salt Lake City, Utah. A.S. was admitted for inpatient care, which continued until February 4, 2020.

13. A.S. continues to receive treatment for the severe burns covering her chest, back, upper arms, and back of her head. In July of 2020, A.S. received her seventh (7th) surgery for skin grafts. To date, A.S.'s past medical (special) damages far exceed the jurisdictional requirement for diversity jurisdiction. See I.C. § 6-1408 (prohibiting the pleading of actual dollar amounts, but requiring the pleading of amounts insofar as jurisdiction must be invoked).

14. A.S.'s general damages are anticipated to exceed her special damages.

15. As a result of missing work to care for A.S., Mr. Simmons lost his job.

16. As a result of the burning flesh and accompanying severe smell that saturated into nearly every item in their home, Plaintiffs were displaced and forced to abandon their home, and nearly all their belongings.

17. As a result of the burning shirt, A.S. has suffered extreme and severe pain, permanent disfigurement and scarring. A.S. will suffer future severe physical pain and emotional distress, as well as additional disfigurement and scarring.

18. The shirt, which burst into on close proximity to a small flickering candle, was purchased by A.S.'s grandmother as a gift, from Walmart in Mountain Home, Idaho.

19. The shirt was part of Walmart's inventory, specifically intended for use by a minor female child. *See* Figure 4.

**First Amended Complaint and Jury Demand**
*Page 5*

Figure 4



20. Walmart obtained the shirt from Mad Engine, who licensed artistic characteristics from Disney, then designed, manufactured, and distributed the shirt to Walmart.

21. Both Mad Engine and Walmart had received prior notice that children's apparel products from Mad Engine posed a serious flammability threat to the end-user child. For example, in the case of *Pearl v. Mad Engine, Inc.* (Mad Engine's predecessor) a 5 year old boy was wearing apparel purchased at Walmart, obtained by Walmart from Mad Engine. While briefly standing closely to a space heater, the apparel caught fire, and very quickly combusted into flames, severely injuring the child. These events placed Mad Engine and Walmart on notice that Mad Engine's children apparel foreseeably posed flammability risks to end-user children.

22. Despite reasonable opportunity to do so, neither Walmart nor Mad Engine tested the shirt's flammability characteristics, so as to detect its dangerous flammability.

23. Mad Engine did not place on the shirt any warnings or labels informing A.S. of the shirt's dangerous flammability. Walmart also did not place warnings or labels on the shirt, informing A.S. of the shirt's dangerous flammability. Nor did Walmart check the shirt for such appropriate warnings or labels.

### FIRST CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY
### AGAINST WALMART

24. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

25. Defendant Wal-Mart is a retailer, engaged in the business of selling shirts like the one that was sold by Defendant and used by A.S.

26. A.S. was injured by the shirt, which after being briefly touched by a small open candle flame, burst into flames so as to quickly and completely over the shirt and prevent A.S. from removing the dangerous product from her body. Simultaneous with the fast spreading flames over A.S.'s body, the large sequin 'bow' on the front of the shirt melted pieces of plastic into young A.S.'s chest.

27. The shirt was defective. The shirt's catching fire, flames quickly bursting over A.S.'s body, with pieces of plastic melting into her body, all by virtue of briefly coming into contact with a small candle flame, does not meet the reasonable expectations of an ordinary person/child as to the safety of the shirt.

28. The defect existed at the time it left Walmart's control.

29. Walmart is subject to strict products liability because Walmart:

      a. knew of or had reason to know of the defect; or

      b. had a reasonable opportunity to inspect the product so as in the exercise of reasonable care to reveal the defective condition.

30. The defect was the proximate cause of Plaintiffs' injuries, including special damages, general damages, and any other relief the Court deems appropriate under the circumstances, including without limitation costs and attorney's fees. The foregoing includes, without limitation, damages for bystander liability.

**SECOND CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**
**AGAINST MAD ENGINE**

31. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

32. For all times relevant to this Complaint, Defendant Mad Engine was a manufacturer of the product in question.

33. A.S. was injured by the shirt, which after being briefly touched by a small open candle flame, burst into flames so as to quickly and completely over the shirt and prevent A.S. from removing the dangerous product from her body. Simultaneous with the fast spreading flames over A.S.'s body, the large sequin 'bow' on the front of the shirt melted pieces of plastic into young A.S.'s chest.

34. The shirt was defective. The shirt's catching fire, flames quickly bursting over A.S.'s body, with pieces of plastic melting into her body, all by virtue of briefly

coming into contact with a small candle flame, does not meet the reasonable expectations of an ordinary person/child as to the safety of the shirt.

35. The defect existed at the time it left Mad Engine's control.

36. The defect was the proximate cause of Plaintiffs' injuries, including special damages, general damages, and any other relief the Court deems appropriate under the circumstances, including without limitation costs and attorney's fees. The foregoing includes, without limitation, damages for bystander liability.

## THIRD CAUSE OF ACTION
## NEGLIGENT FAILURE TO INSPECT
## AGAINST WALMART

37. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

38. Defendant Wal-Mart is a retailer, engaged in the business of selling shirts like the one that was sold by Defendant and used by A.S.

39. As a product seller, Defendant owed the duty to use ordinary care to conduct a reasonable inspection of the product before selling the product to others.

40. Prior to selling the product, a reasonable inspection by Defendant would include an inspection to ensure that the shirt was not so flammable as to pose a foreseeable danger of catching fire and injuring its wearer.

41. Defendant did not inspect the shirt before selling it. Had Defendant done so, Defendant would have discovered that the shirt was flammable as to pose a foreseeable danger of catching fire, and injuring its wearer.

42. Defendant's failure to inspect proximately caused Plaintiffs' injuries, including special damages, general damages, and any other relief the Court deems appropriate under the circumstances, including without limitation costs and attorney's fees. The foregoing includes, without limitation, damages for bystander liability.

### FOURTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN
### AGAINST WALMART

43. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

44. Defendant Wal-Mart is a retailer, engaged in the business of selling shirts like the one that was sold by Defendant and used by A.S.

45. As a product seller, Defendant owed the duty to exercise ordinary care to warn all those who may reasonably be expected to use the shirt because:

   a. Walmart knew or should have known that the product was unreasonably dangerous while being used by children of ordinary care; and

   b. Walmart knew or should have known that those who could reasonably be expected to use the product, children, may not realize the danger.

46. Walmart did not warn against the flammability of the shirt, nor implement a warning that adequately informed the end-user of the danger.

47. Wherefore, Defendant breached its duty of care.

48. Defendant's failure to warn proximately caused Plaintiffs' injuries, including special damages, general damages, and any other relief the Court deems

appropriate under the circumstances, including without limitation costs and attorney's fees. The foregoing includes, without limitation, damages for bystander liability.

## FIFTH CAUSE OF ACTION
## NEGLIGENT MANUFACTURING
## AGAINST MAD ENGINE

49. Plaintiffs re-allege and incorporate by reference all the above paragraphs.

50. Defendant as the manufacturer of the shirt had the duty to design and manufacture the shirt to avoid unreasonable risk of foreseeable injury to persons using the product with ordinary care.

51. Defendant did not design and manufacture the shirt to avoid unreasonable risk of foreseeable injury.

52. Defendant designed and manufactured the shirt with flammable materials, wherein materials added to the shirt increased both the flammability and the injury such flammability could cause.

53. Defendant also did not design and manufacture the shirt so as to include appropriate warnings and labels that would apprise A.S. and/or her parents of the danger the shirt posed to A.S. should it be exposed to or placed near to an open flame or conditions under which it might ignite.

54. Alternative designs and manufacturing methods, including without limitation alternative substances and materials in applying and displaying patterns and designs on the shirt; alternative means of displaying a large bow on the front of the shirt

by way of sequins; the incorporation of fire retardant properties; and the inclusion of appropriate warnings and labels were all available. These alternative designs and manufacturing methods, if utilized, would have significantly reduced if not altogether eliminated the likelihood of A.S.'s injuries.

55. Defendant's negligent design and manufacturing of the shirt is the proximate cause of the Plaintiffs' injuries, including special damages, general damages, and any other relief the Court deems appropriate under the circumstances, including without limitation costs and attorney's fees. The foregoing includes, without limitation, damages for bystander liability.

## JURY DEMAND

56. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief against Defendants as follows:

A. For judgment against Defendants for general and special damages, including but not necessarily limited to: medical damages past and future; permanent disfigurement past and future; loss of enjoyment past and future; pain and suffering past and future; lost earning capacity; lost reputation; past lost income; moving expenses; lost personal belongings; and past and future mental distress.

B. For judgment against Defendants for all costs and fees incurred by Plaintiffs in bringing this action;

C. For any pre-judgment and post judgment interest, according to law; and

D. For such other and further relief as this Court deems just an equitable in the face of these circumstances.

DATED this 21st day of May, 2021.

            BEARNSON & CALDWELL, LLC

            /s/ Aaron K. Bergman
            Aaron K. Bergman
            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2021, a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT AND JURY DEMAND** was e-filed with the Court and emailed to the following:

David P. Gardner
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Email: dgardner@hawleytroxell.com

            /s/ Aaron K. Bergman
            Aaron K. Bergman
            *Attorney*