**Clinton O. Casey, ISB No. 4333**
**Tyler H. Neill, ISB No. 7754**
**CASEY LEGAL GROUP PLLC**
531 S. Fitness Place, Ste. 105
Eagle, Idaho 83616
Telephone:  (208) 514-4543
Facsimile:  (208) 247-3100
CLG@CaseyLegalGroup.com

Attorneys for Defendant Mad Engine, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIA SIMMONS and JAMERSON SHEPPARD, individually and for and on behalf of A.S., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., a foreign corporation, d.b.a. WAL-MART; MAD ENGINE, LLC, a California limited liability company; S & C INTERNATIONAL, INC., a New York Corporation; and DOES I-X.<br><br>Defendants. | Case No. 1:20-cv-00439-BLW<br><br>**DEFENDANT MAD ENGINE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Defendant Mad Engine, LLC, by and through its attorneys of record, CASEY LEGAL GROUP PLLC, and hereby answers Plaintiff's Second Amended Complaint ("Complaint") as follows:

**FIRST DEFENSE**

Defendant denies each and every allegation of the Complaint not herein expressly and

DEFENDANT MAD ENGINE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1

specifically admitted.

## SECOND DEFENSE

1. In response to the allegations set forth in paragraph 1 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

2. Defendant admits the allegations set forth in paragraph 2 except for the allegation that "Walmart knows that its end-users include minor children, and includes in its inventory apparel products intended specifically for use by minor children." As to that statement, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

3. In response to the allegations set forth in paragraph 3 of the Complaint, Defendant admits it is a foreign limited liability company chartered in California, and conducts business around the world. Defendant denies that it does business in Mountain Home, Idaho. Defendant admits the remainder of the allegations in paragraph 3 to the extent it is past tense, as Mad Engine, LLC does not perform the business and activities described anymore.

4. In response to the allegations set forth in paragraphs 4 and 5 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

5. Defendant admits the allegations set forth in paragraphs 6 and 7 of the Complaint.

6. In response to the allegations set forth in paragraph 8 of the Complaint, Defendant reasserts its answers to paragraphs 1-7 of the Complaint above as if set forth fully herein.

7. In response to the allegations set forth in paragraphs 8 through 22 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

8. Defendant denies the allegations set forth in paragraphs 23 and 24 of the Complaint.

9. In response to the allegations set forth in paragraph 25 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

10. In response to the allegations set forth in paragraph 26 of the Complaint, Defendant admits only that it did not test the shirt's flammability or place warnings on shirts, to the extent that the shirt at issue was distributed by Defendant.  Defendant denies that the shirt was dangerously flammable, to the extent that the shirt at issue was distributed by Defendant. Defendant asserts that it did everything required under the law.

11. In response to the allegations set forth in paragraph 27 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

12. Defendant objects to the allegations set forth in paragraph 28 as they are misleading, inaccurate, and inadmissible.  Defendant asserts that Mad Engine, Inc. was dismissed from the case *Pearl v. Mad Engine, Inc.* on summary judgment and there was no finding that the product at issue posed a serious flammability threat or was otherwise defective or dangerous. Subject to said objection, Defendant denies the allegations set forth in paragraph 28 of the Complaint.

13. In response to the allegations set forth in paragraph 29 of the Complaint, Defendant reasserts its answers to paragraphs 1-28 of the Complaint above as if set forth fully herein.

14. Defendant admits the allegations set forth in paragraph 30, but is without sufficient information to deny or admit, and therefore denies the same, to the extent the allegations infer that the shirt at issue was distributed by Defendant.

15. In response to the allegations set forth in paragraph 31 of the Complaint, Defendant

is without sufficient information to either deny or admit, and therefore denies the same.

16. Defendant denies the allegations set forth in paragraphs 32 and 33 of the Complaint.

17. In response to the allegations set forth in paragraph 34 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required. To the extent a response is required, the allegations therein are denied.

18. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

19. In response to the allegations set forth in paragraph 36 of the Complaint, Defendant reasserts its answers to paragraphs 1-35 of the Complaint above as if set forth fully herein.

20. In response to the allegations set forth in paragraph 37 of the Complaint, Defendant admits only that it designs shirts and determines specifications. Defendant denies the remaining allegations contained therein. Defendant asserts that it is a wholesaler of products.

21. In response to the allegations set forth in paragraphs 38 and 39 of the Complaint, Defendant is without sufficient information to either deny or admit regarding the public's perception of it, and therefore denies the same. Defendant asserts that the articles and websites cited speak for themselves.

22. In response to the allegations set forth in paragraph 40 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required. To the extent a response is required, the allegations therein are denied.

23. In response to the allegations set forth in paragraph 41 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

24. In response to the allegations set forth in paragraph 42 of the Complaint, Defendant

denies that the shirt was defective, to the extent the shirt was distributed by Defendant. Defendant is without sufficient information to either deny or admit the remaining allegations contained in paragraph 42, and therefore denies the same.

25.     Defendant denies the allegations set forth in paragraphs 43 and 44 of the Complaint.

26.     In response to the allegations set forth in paragraph 45 of the Complaint, Defendant reasserts its answers to paragraphs 1-44 of the Complaint above as if set forth fully herein.

27.     Defendant denies the allegations set forth in paragraph 46 of the Complaint.

28.     In response to the allegations set forth in paragraphs 47 through 52 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same. Defendant asserts that the cited websites speak for themselves.

29.     In response to the allegations set forth in paragraph 53 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required. To the extent a response is required, the allegations therein are denied.

30.     In response to the allegations set forth in paragraph 54 of the Complaint, Defendant is without sufficient information to either deny or admit, and therefore denies the same.

31.     In response to the allegations set forth in paragraph 55 of the Complaint, Defendant denies that the shirt was defective, to the extent the shirt was distributed by Defendant. Defendant is without sufficient information to either deny or admit the remaining allegations contained in paragraph 55, and therefore denies the same.

32.     Defendant denies the allegations set forth in paragraphs 56 and 57 of the Complaint.

33.     In response to the allegations set forth in paragraph 58 of the Complaint, Defendant

reasserts its answers to paragraphs 1-57 of the Complaint above as if set forth fully herein.

34. In response to the allegations set forth in paragraph 59 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required. To the extent a response is required, the allegations therein are denied.

35. Defendant denies the allegations set forth in paragraphs 60 and 61 of the Complaint.

36. In response to the allegations set forth in paragraph 62 of the Complaint, Defendant admits only that its shirts do not have warning labels. The remainder of the allegations contained therein are denied.

37. Defendant denies the allegations set forth in paragraphs 63 and 64 of the Complaint.

38. In response to the allegations set forth in paragraph 65 of the Complaint, Defendant reasserts its answers to paragraphs 1-64 of the Complaint above as if set forth fully herein.

39. In response to the allegations set forth in paragraph 66 of the complaint, Defendant admits only that Walmart is a retailer, engaged in the business of selling shirts and Mad Engine was a distributor, engaged in the business of distributing shirts. Defendant is without sufficient information to either deny or admit the remaining allegations contained in paragraph 66, and therefore denies the same.

40. In response to the allegations set forth in paragraph 67 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required. To the extent a response is required, the allegations therein are denied.

41. Defendants denies the allegations set forth in paragraphs 68 through 70 of the Complaint.

42.  In response to the allegations set forth in paragraph 71 of the Complaint, Defendant reasserts its answers to paragraphs 1-70 of the Complaint above as if set forth fully herein.

43.  In response to the allegations set forth in paragraph 72 of the complaint, Defendant admits only that Walmart is a retailer, engaged in the business of selling shirts and Mad Engine was a distributor, engaged in the business of distributing shirts.  Defendant is without sufficient information to either deny or admit the remaining allegations contained in paragraph 66, and therefore denies the same.

44.  In response to the allegations set forth in paragraph 73 of the Complaint, Defendant asserts that it contains legal conclusions to which no response is required.  To the extent a response is required, the allegations therein are denied.

45.  In response to the allegations set forth in paragraph 74 of the Complaint, Defendant admits only that its shirts do not have warning labels.  The remainder of the allegations contained therein are denied.

46.  Defendant denies the allegations set forth in paragraphs 75 and 76 of the Complaint.

### THIRD DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by misuse of the product.

### FOURTH DEFENSE

Plaintiffs failed to mitigate their damages, if any.

### FIFTH DEFENSE

Plaintiffs are not the real party in interest with respect to all or part of their claim.

### SIXTH DEFENSE

Plaintiffs were negligent and/or careless at the time of and in connection with the matters and damages alleged, which misconduct on each of their part proximately caused and contributed to said events and/or resultant damages, if any.

### SEVENTH DEFENSE

Plaintiffs' recovery for noneconomic damages, if any, is limited by Idaho Code § 6-1603.

### EIGHTH DEFENSE

If collateral source payments were received by Plaintiffs, Plaintiffs' recovery, if any, is limited by Idaho Code § 6-1606, prohibiting the double recovery from collateral sources.

### NINTH DEFENSE

Plaintiffs' claims and supporting evidence may be barred in whole or in part under the doctrine of spoliation of evidence.

### TENTH DEFENSE

There exists no proximate causation and/or causation between any alleged act or alleged breach of duty by Defendant and Plaintiffs' alleged damages.

### ELEVENTH DEFENSE

Plaintiffs' damages, if any, were proximately caused by the superseding, intervening negligence or conduct, whether tortious or otherwise, of other third persons; any negligence or breach of duty on the part of Defendant, if any, was not a proximate cause of the alleged loss to Plaintiffs.  Defendant does not admit any negligence, and to the contrary, denies all allegations of negligence or other blameworthy conduct.

### TWELFTH DEFENSE

DEFENDANT MAD ENGINE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 8

Defendant alleges the affirmative defense of comparative negligence as and against any and all other parties to this action or non-parties. The negligence, if any, of Defendant is to be compared and reduced accordingly relative to any negligence committed by any other person, entity, or party.

### THIRTEENTH DEFENSE

Defendant is not liable to Plaintiffs pursuant to Idaho Code § 6-1407.

### FOURTEENTH DEFENSE

Plaintiffs' injuries, if any, were the direct and proximate result of an act of nature or force majeure.

### FIFTEENTH DEFENSE

Plaintiffs may have failed to name necessary and indispensable parties to this action.

### SIXTEENTH DEFENSE

Defendant has considered and believes it may have additional affirmative defenses, but does not have enough information at this time to assert additional defenses. Defendant does not intend to waive any such defenses, and specifically asserts its intention to amend its answer if additional facts come to light giving rise to additional affirmative defenses.

### PRAYER FOR RELIEF

Wherefore, having answered, Defendant respectfully requests that Plaintiffs take nothing by their Complaint and that Defendant be awarded its attorney's fees pursuant to Idaho Code §§ 12-120 and/or 12-121 and F.R.C.P. 54(d), and for such other and further relief as to the Court seems just.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial pursuant to F.R.C.P. 38.

DATED this 23rd day of August, 2021.

                              CASEY LEGAL GROUP PLLC

                              By: /s/ Tyler H. Neill
                                      Tyler H. Neill, Of the Firm
                                      Attorneys for Defendant Mad Engine, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2021, the foregoing DEFENDANT MAD ENGINE, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Brad H. Bearnson
Wayne K. Caldwell
Aaron K. Bergman
BEARNSON & CALDWELL, LLC
399 North Main, Ste. 270
Logan, UT 84321
*Attorneys for Plaintiffs*
Email:  bbearnson@bearnsonlaw.com
wcaldwell@bearnsonlaw.com
abergman@bearnsonlaw.com

David P. Gardner
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Ste. 1000
P.O. Box 1617
Boise, ID 83701-1617
*Attorneys for Defendant Walmart, Inc.*
Email:  dgardner@hawleytroxell.com


/s/ Tyler H. Neill

DEFENDANT MAD ENGINE, LLC'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 11