UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| TIA SIMMONS and JAMERSON SHEPPARD, individually and for and on behalf of A.S., a minor,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>WALMART, INC., a foreign corporation, d.b.a. WAL-MART; MAD ENGINE, LLC, a California limited liability company; S & C INTERNATIONAL, INC, a New York corporation, and DOES I-X,<br><br>　　Defendants. | No. 1:20-cv-00439-SAB<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

　　Before the Court are Defendants' Motions for Summary Judgment, ECF Nos. 52 and 53. The motions were heard without oral argument. Plaintiffs are represented by Brad Bearnson, Wayne Caldwell, and Aaron Bergman. Defendant Walmart, Inc. is represented by David Gardner, James Martin, and Mindy Muller. Defendant Mad Engine, LLC is represented by Clinton O. Casey and Tyler Neill.

　　This case involves a tragic accident. When she was eight-years old, A.S. suffered severe and extensive burns after a T-shirt she was wearing caught fire when she reached over the countertop for a glass of water. There was a candle on

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** ~ 1

the countertop and her T-shirt came into contact with the flame and caught on fire. A.S. continues to receive medical treatment for the resulting severe burns that covered her chest, back, upper arms, and back of her head.

Plaintiffs are bringing a products liability suit against Defendant Walmart, the seller of the T-shirt that A.S. was wearing, and Defendant Mad Engine, the distributor of the T-shirt. Defendants now move for summary judgment.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex,* 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 2**

## Facts

A.S. was wearing a white T-shirt that had Minnie Mouse heads printed on its, with a sequined bow on the front. Her grandmother had bought the T-shirt from Walmart. A.S. reached over a counter to fill her glass with water. Her shirt caught fire after it came in contact with a lit candle that was also on the counter. A.S. testified that as she reached over to grab her cup and the fire went up to the sequins.

A.S. ran to the living room to tell her sister her shirt was on fire. Her sister threw a cup of water on her. That did not extinguish the flames. Her sister then put A.S. in the shower and ran the water over her. A.S. was rushed to the local hospital and then airlifted to a hospital in Salt Lake City, Utah. She stayed in the hospital for two months. She continues to receive treatment for the severe burns covering her chest, back, upper arms, and the back of her head. She has undergone seven surgeries, as of July 2020.

## Flammability Testing and Warnings

The T-shirt in question was made from a cotton/poly blend material. It was not marketed as sleepwear, and it did not have flammability warnings on it because Defendants had determined that it was exempt from testing.

During the pre-production stage of the manufacturing process, samples of the T-shirt were sent to Consumer Testing Laboratories, a third-party lab, for testing for compliance with federal textile flammability standards under 16 C.F.R. § 1610. Consumer Testing Laboratories is one of the labs that Walmart designated to Mad Engine to use for compliance testing. Consumer Testing Laboratories determined that the T-shirt was exempt from flammability testing pursuant to 16 C.F.R. § 1610.1(d)(1), which exempts plain surface fabrics, regardless of fiber content, weighing 2.6 ounces per square yard or more. Walmart sold approximately 150,000 T-shirts with the design of the subject shirt.

//

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 3**

**Plaintiffs' Complaint**

In their Complaint, Plaintiffs allege the following facts:

A.S. was injured by the shirt, which after being briefly touched by a small open candle flame, burst into flames so quickly and intensely as to prevent A.S. from even being able to remove the dangerous product from her body. Simultaneous with the fast-spreading flames, the large plastic sequin "bow" on the front of the shirt melted pieces of plastic into young A.S.'s chest.

The shirt was defective. That a shirt would catch fire with such intensity as to cause the flames to cover a child's body, preventing removal, while melting pieces of plastic into the child's body, all as a result of briefly coming into contact with a small candle flame, does not meet the reasonable expectations of an ordinary person or child as to the safety of the shirt. Wherefore, the shirt was defective in that it posed an unreasonable danger to the end user which A.S. would not have anticipated.

Plaintiffs also allege that before selling the shirt to Defendant Walmart, Defendant Mad Engine did not inspect or test the shirt for its flammability, nor did it place on the shirt any labels or warnings describing the shirt's flammability, and before selling the shirt to A.S.'s grandmother Defendant Walmart did not inspect or test the shirt for flammability, nor did it place on the shirt any labels or warnings describing the shirt's flammability.

Finally, Plaintiffs allege that both Mad Engine and Walmart had received prior notice that children's apparel products from Mad Engine posed a serious flammability threat to end-user children, citing to one case where a 5-year old boy was wearing apparel purchased at Walmart that it had obtained from Mad Engine. While standing closely to a space heater, the apparel caught fire. Plaintiffs allege that this case placed Mad Engine and Walmart on notice that Mad Engine's children apparel foreseeably posed flammability risks to end-user children.

Plaintiffs are bringing a strict liability claim, as well as a negligent failure to inspect and negligent failure to warn against both Defendants. Plaintiffs are also

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 4**

alleging that Defendant Mad Engine negligently designed and manufactured the T-shirt.

## Idaho Law

This matter is before this Court on the basis of diversity jurisdiction. Therefore, the Court applies Idaho products liability law. *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007).

Regardless of whether a products liability case is based on warranty, negligence or strict liability, Plaintiffs have the burden of alleging and proving that 1) they were injured by the product; 2) the injury was the result of a defective or unsafe product; and 3) the defect existed when the product left the control of the manufacturer. *Massey v. Conagra Foods, Inc.*, 156 Idaho 476, 482 (2014). Additionally, a product sold without such warning is in a defective condition where the defendant has reason to anticipate that danger may result from a particular use of its product and it fails to give adequate warnings of such a danger. *Rindlisbaker v. Wilson*, 95 Idaho 752, 760 (1974). This rule, however, is limited to situations where the danger is not obvious. *Id.* Thus, under Idaho law, a product seller owes a duty to exercise ordinary care to warn all those who may reasonably be expected to use its product where the seller knows or should know that the product is unreasonably dangerous while being used with ordinary care and knows or should know that those who may reasonably be expected to use the product may not realize the danger. *Puckett v. Oakfabco*, 132 Idaho 816, 823 (1999).

The Idaho Pattern Jury instructions provide that a product is defective when it exposes a user or bystander to an unreasonable risk of physical injury, or if it is more dangerous than would be expected to use it. IPJI 10.01.1. Additionally, the instructions provide that the term "unreasonably dangerous" means that the product was more dangerous than would be expected by an ordinary reasonably prudent person who is likely to use the product in the same or similar circumstances. IPJI 10.05.3; *see also Farmer v. Int'l Harvester Co.*, 97 Idaho 742,

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 5**

747 (1976). "A prima facie case may be proved by direct or circumstantial evidence of a malfunction of the product and the absence of evidence of abnormal use and the absence of evidence of reasonable secondary causes which would eliminate liability of the defendant." *Farmer*, 97 Idaho at 747.

### Defendant's Motion

Defendants argue that because all of Plaintiff's claims rely on the premise that the T-shirt worn by A.S. was defective, they all fail because Plaintiffs cannot show that the T-shirt was defective.

Plaintiffs rely on their expert, Dr. Steven Spivak, for support of their arguments that the T-shirt was unreasonably dangerous. Dr. Spivak opined the following:

- As a result of the materials selected the product ignited very quickly: "such a lightweight cotton and polyester blend T-shirt and fabric readily ignites in a mere one or two seconds when in momentary contact with a flame such as a lit candle."
- The flames spread rapidly once ignited as a result of the materials selected and the fit of the shirt.
- The flammability characteristics were foreseeable as a result of the "fit" of the shirt.
- Due to the materials selected, the already very dangerous flammability characteristics was compounded by a known and especially dangerous scaffolding effect that arises from thermoplastic and cellulosic flammability interaction making it difficult to extinguish the fire.

Additionally, Dr. Spivak opined that there are readily available, safer alternatives, such as a heavier or medium weight T-shirt fabric or using a different fabric such as polyester or nylon. Finally, Dr. Spivak opined that while consumers may know that fabric can burn, consumers do not appreciate the dangers that can exist in certain children's clothing.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 6**

Dr. Spivak does not dispute that the T-shirt met the flammability test requirements of 16 C.F.R. § 1610. It is his opinion that the T-shirt should be tested according to 16 C.F.R. § 1615/16, which is the testing for non-flammable sleepwear. He performed such test and the T-shirt failed. It is Dr. Spivak's position that children's clothing that do not meet § 1615/16 should have a warning label attached to it. Ultimately, Dr. Spivak concluded that given the extreme flammability of the shirt, it was not fit for the ordinary intended use by a young girl.

Notably, Plaintiffs assert the fact that the Flammable Fabrics Act did not require a warning does not mean that the same holds true for purposes of products liability under Idaho law. But it does. The Idaho Supreme Court has said as much in *Merchand v. JEM Sportswear, Inc.*, 143 Idaho 458, 459 (2006). In that case, a seven-year-old was left with a babysitter while his mother went to work. *Id.* Unknown to his babysitter, the child found fireworks and a cigarette lighter. *Id.* The child was wearing a cotton T-shirt that caught fire either from the lighter or the fireworks and he was severely burned. *Id.* The parties filed suit against the manufacturer of the T-shirt and other entities may have liability for the injuries.

In granting the manufacturer's motion for summary judgment, the Idaho Supreme Court noted that the T-shirt that the child was wearing at the time of his injury complied with the federal flammability standards. *Id.* at 459. No defect in the T-shirt had been identified and the T-shirt was no different from other cotton T-shirts. *Id.* It noted that under some circumstances cotton will burn, but that does not form the basis of a negligence claim when the fabric is used for children's clothing. *Id.* It held the manufacture of the shirt could not be held liable. *Id.*

For these same reasons, the Court finds that no reasonable jury could find that the Minnie Mouse T-shirt was defective or unreasonably dangerous. There is no dispute that the T-shirt met the federal flammability standards and urging the Court to require a different, more stringent but not required test, does not change

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 7**

that fact. A reasonable jury could not find that this T-shirt exposed A.S. to an unreasonable risk of injury or was more dangerous than would be expected by an ordinary reasonably prudent who would use the T-shirt in a similar manner. An ordinary reasonably prudent person would expect a cotton/polyester blend T-shirt to ignite when placed near a flame and no reasonably prudent juror could find that a T-shirt, that met the federal flammability requirements, was defective or unreasonably dangerous.

Because a reasonable jury could not find that the T-shirt was defective or unreasonably dangerous, it was not necessary for Defendants to provide any warning label, nor can Plaintiffs show that Defendants breached their duty to inspect. *See Puckett*, 132 Idaho at 824 ("Where the undisputed facts lead only to the objective conclusion that a particular risk is glaringly obvious, imposing a duty to warn of such a risk serves no function and would be unreasonable."). Finally, for these same reasons, Plaintiffs cannot show that Defendant Mad Engine negligently manufactured or designed the T-shirt.

Dr. Spivak believes that all children's clothing should be tested according to the § 1615/1616 for non-flammability sleepwear. Stated another way, he believes that all children's clothing should be flame-retardant, or have a label stating that the garment is flammable. This, however, is not for the Court to decide and is not a basis for holding Defendants liable. Rather, it appears to be an issue for the Legislature.

This case was the result of a horrific and tragic accident that caused A.S. to be severely burned with lasting scars. Idaho law, however, does not permit the seller or the manufacturer of a T-shirt that was ignited by a candle flame to be held liable.

Accordingly, **IT IS ORDERED:**

1. Defendant Walmart, Inc.'s Motion for Summary Judgment, ECF No. 52, is **GRANTED**.

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** ~ 8

2. Defendant Mad Engine, LLC's Motion for Summary Judgment, ECF No. 53, is **GRANTED**.

3. Plaintiffs' Motion in Limine and Motion to Exclude Defense Expert Steven Arndt, ECF No. 65, is **DENIED**, as moot.

4. Judgment is entered in favor of Defendants and against Plaintiffs.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and **close** the file.

**DATED** this 23rd day of March 2023.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ~ 9**